IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| JUSTIN CASWELL, Individually, and on Behalf of All Similarly Situated Persons, </br></br>Plaintiffs, </br></br>v. </br></br>PATHWAYS CENTER FOR DEVELOPMENTAL AND BEHAVIORAL GROWTH, and JADE BENEFIELD, Individually. </br></br>Defendants. | CIVIL ACTION FILE NO. 3:15-cv-100-TCB-RGV </br></br>**JURY TRIAL DEMANDED** |

## COLLECTIVE ACTION COMPLAINT

This action is brought on behalf of all non-exempt Social Service Technicians ("SST") employed by Pathways Center for Developmental and Behavioral Growth ("Defendant Pathways") and Jade Benefield ("Defendant Benefield"), collectively "Defendants."  Defendants willfully failed to pay Plaintiff Justin Caswell ("Plaintiff"), and other current and former similarly situated SSTs employed by Defendants ("the Collective Action Members") proper overtime for all hours worked in excess of 40 per week, in violation of the

Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of himself and the Collective Action Members currently or formerly employed by Defendants who choose to opt into this FLSA action pursuant to 29 U.S.C. § 216(b), that they are entitled to (i) unpaid wages from Defendants for all hours worked by them as well as for overtime work for which they did not receive overtime premium pay, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

2. Defendants' policy and practice is to deny earned wages, including overtime pay, to its non-exempt SSTs. In particular, Defendants require its employees to be present and perform work in excess of 40 hours per week, and work "off the clock," but fails to pay them time and a half overtime wages. Defendants' willful failure to pay SSTs overtime compensation violates the FLSA as detailed below.

## JURISDICTION AND VENUE

3. This is an action for unpaid overtime under the FLSA. Pursuant to 28 U.S.C. §§ 1331 and 1337, this Court has federal question jurisdiction over this Complaint. *See also* 29 U.S.C. § 216(b).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims in this Complaint occurred within this District.

5. Defendants are subject to personal jurisdiction in the State of Georgia and within this District.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

7. Plaintiff Justin Caswell is an adult individual residing in LaGrange, Georgia.

8. Caswell was employed by Defendants within the meaning of the FLSA from approximately August 1, 2011 to January 14, 2014.

9. Caswell's job title during the relevant time period was SST.

10. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

11. Defendant Pathways is a "behavioral health care organization serving children, adolescents, and adults addressing an array of mental health and substance abuse issues." http://www.pathwayscsb.org/index.php/welcome/

12. Defendant Pathways is a covered employer and at all relevant times employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

13. Defendant Jade Benefield, an individual, is the CEO of Pathways.

14. At all times material to this Complaint, Jade Benefield has been responsible for the high level management of Pathways' business. Mr. Benefield was fundamental in putting together job descriptions and policies at Pathways. Mr. Benefield has also exercised his authority to hire and fire Pathways employees, set pay rates, and has control over the finances and operations of Pathways. By virtue of his control and authority, Defendant Benefield was an employer of Plaintiff and other similarly situated employees as defined by the FLSA.

15. Upon information and belief, at all relevant times, Defendant Pathways is an institution primarily engaged in providing residential and medical care to developmentally disabled individuals within the meaning of the FLSA, 29 U.S.C. § 203(s) and the supporting Department of Labor regulations.

16.     Upon information and belief, at all relevant times, Defendants were, and continue to be, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s) and the supporting Department of Labor regulations.

17.     Upon information and belief, at all relevant times, Defendants had annual gross revenues in excess of $500,000.

18.     Upon information and belief, at all relevant times, Defendants performed activities in connection with the activities of a public agency pursuant to 29 U.S.C. 203 §(r)(2)(C).

19.     Defendant Pathways may be served with a summons and copy of this Complaint by delivering process to 122 Gordon Commercial Drive, LaGrange, Georgia, 30240.

20.     Defendant Benefield is a resident of the Northern District of Georgia, Georgia, and may be served with process via personal service at his place of business at 122 Gordon Commercial Drive, LaGrange, Georgia, 30240 and/or at his residence.

## FACTS

21.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs.

22. Defendants employ SSTs who provide support, supervision, intervention, and treatment to its clients.

23. Defendants classified Plaintiff and the Collective Action Members as non-exempt employees.

24. Through its SSTs, Defendants provide supervised residential living for individuals transitioning out of hospitals and back into the community, residential support to developmentally disabled clients, and medically monitored crisis residential services.

25. Consistent with Defendants' policy, pattern, and/or practice, Plaintiff and the Collective Action Members regularly worked "off the clock," and worked hours in excess of 40 hours per workweek without being paid at a rate of 1 ½ times their regular rate of pay in violation of the FLSA.

26. Defendants' practice is unlawful, unfair, and deceptive to Plaintiff and the Collective Action Members who were eligible to receive overtime compensation at a rate of 1 ½ times their regular rate of pay. This practice also allowed Defendants to avoid paying overtime wages to Plaintiff and the Collective Action Members.

27. Defendants implemented its unlawful policy and practice of failing to pay Plaintiff and the Collective Action Members for all hours worked by the

following means: (a) not allowing SSTs to record all hours worked, including hours in excess of 40 per work week; (b) changing SSTs timesheets when they worked in excess of 40 hours per week; (c) providing "comp time" in lieu of paying overtime for hours worked in excess of 40 per work week; and (c) requiring SSTs to perform "off the clock" work for Defendants without any compensation.

28. In light of Defendants' failure to accurately record time worked, Defendants failed to provide accurate wage statements to Plaintiff and the Collective Action Members identifying all the hours that they worked.

29. Defendants' failure to pay Plaintiff and the Collective Action Members overtime at a rate of 1 ½ times their regulate rate for all hours worked in excess of 40 per week was willful and in bad faith.

30. As part of its regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a policy, pattern, and/or practice of violating the FLSA with respect to Plaintiff and the Collective Action members. This policy and pattern or practice includes, but it is not limited to:

    a. willfully failing to keep accurate time records of Plaintiff and the Collective Action Members reflecting the actual hours that they worked in accordance with the FLSA;

7

    b. willfully providing "comp time" and failing to pay overtime wages to Plaintiff and the Collective Action Members for hours they worked in excess of 40 hours per workweek;

    c. willfully requiring Plaintiff and the Collective Action Members to perform "off the clock work"; and

    d. willfully failing to provide enough money in their labor budgets for adequate staffing, thereby forcing Plaintiff and the Collective Action Members to work in excess of 40 hours per workweek in order to perform their duties and responsibilities.

31. Upon information and belief, Defendants' unlawful conduct described herein is pursuant to its centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA.

32. Upon information and belief, Defendants' minimal labor budgets resulted in understaffed locations, did not provide sufficient resources for Plaintiff and the Collective Action Members to complete all of their job duties, and caused them to frequently work hours in excess of 40 per workweek.

33. At all relevant times, Defendants knew or should have known that its wage and hour practices were improper, and that the FLSA required it to pay its

employees an overtime premium for hours worked in excess of 40 per workweek, yet it continued to violate the FLSA.

34. Defendants were put on notice of this unlawful, unfair and deceptive practice because (1) Plaintiff's supervisors observed him and other SSTs work in excess of 40 hours per workweek; (2) Plaintiff advised his supervisors when he worked more hours than his scheduled shift; (3) Plaintiff's supervisors asked him to work on his days off, resulting in Plaintiff working more than 40 hours per workweek; (4) Plaintiff's supervisors changed his timesheets when he worked in excess of 40 hours per workweek; and (5) Plaintiff frequently complained to his supervisors about the overtime hours that he worked, Defendants' failure to pay him overtime, and complained about understaffed locations.

35. The net effect of Defendants' policy and practice, is that it willfully failed to pay overtime compensation and willfully failed to keep accurate time records.  Defendants enjoy millions of dollars in ill-gained profits at the expense of their hourly employees.

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiff re-alleges and incorporates by reference the preceding paragraphs.

37. During the Collective Action Period, Defendants hired SSTs similarly situated to Plaintiff who performed the same work for Defendants and were subjected to the same pay practices as Plaintiff.

38. Plaintiff and the Collective Action Members are similarly situated under the FLSA because (1) they shared common job duties; (2) they shared a common job description; (3) they had to comply with the same policies, rules and/or regulations; (4) they were all classified by Defendants as non-exempt employees under the FLSA; (5) they regularly worked in excess of 40 hours per week; (6) they regularly performed "off the clock" work for Defendants; and (7) they did not receive overtime compensation at a rate of 1 ½ times their regular rate of pay.

39. Plaintiff and the Collective Action Members are all victims of the Defendants' common policy and/or plan to violate the FLSA by failing to pay all earned wages, failing to provide any wages for "off the clock" work, and failing to provide overtime wages for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

40. There are many similarly situated SSTs employed by Defendants who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

Thus, Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

41. The similarly situated SSTs are known to Defendants, are readily identifiable, and can be located through Defendants' records. Therefore, notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

42. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy. Plaintiff and the Collective Action Members lack the financial resources to adequately prosecute separate lawsuits against Defendants. A collective action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendants' policies.

### FIRST CLAIM FOR RELIEF:
### (FAIR LABOR STANDARDS ACT:  UNPAID OVERTIME WAGES)
### (Brought on Behalf of Plaintiff and All Collective Action Members)

43. Plaintiff, on behalf of themselves and the Collective Action members, reallege and incorporate by reference all prior paragraphs of the Complaint.

44. At all relevant times, Defendants employed Plaintiff and Collective Action Members within the meaning of the FLSA.

45. The overtime wage provisions set forth in the FLSA apply to Defendants, Plaintiff, and the Collective Action members.

46. As a result of Defendants' willful failure to compensate Plaintiff and the Collective Action members at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of 40 hours in a workweek, as well as for all hours worked by them, Defendants violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq*.

47. As a result of Defendants' willful failure to record, report, credit and/or compensate Plaintiff and the Collective Action members, Defendants failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*

48. As a result of Defendants' policy or practice of failing to provide adequate labor budget funds, and failing to take into account the impact of the understaffed locations on the hours worked by Plaintiff and the Collective Action Members, Defendants willfully violated the FLSA to save money.  Defendants knew and/or showed reckless disregard for the matter of whether their conduct was prohibited by the Act.  29 U.S.C. § 255(a).

49. As a result of Defendants' actual knowledge, through Plaintiff's supervisors, that they were performing work in excess of 40 hours per workweek, and Defendants' policy and practice that did not allow Plaintiff and the Collective

Action Members to record all hours worked, and Defendants' failure to post or keep posted a notice explaining the overtime wage requirements, Defendants willfully violated the FLSA.

50. Because Defendants violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

51. Defendants did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and the Collective Action Members.

52. As a result of Defendants' FLSA violations, Plaintiff and the Collective Action members, are entitled to recover from Defendants: (a) unpaid overtime wages for all of the hours worked by them, as overtime compensation, (b) liquidated damages, and (c) the unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff and the Collective Action Members who join this action seek the following relief:

A. Designation of this action as an FLSA collective action on behalf of Plaintiff and the Collective Action members, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated Collective

Action Members during the Collective Action Period apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

B. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

C. An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of 1 ½ times the regular rate of pay;

D. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of 1 ½ times the regular rate of pay;

E. An award of prejudgment and post-judgment interest;

F. An award of costs and expenses of this action together with reasonable attorneys' and experts' fees;

G. An award of a service payment to Plaintiff;

H. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Respectfully submitted on this 11th day of June, 2015.

                THE BUCKLEY LAW FIRM, LLC

                s/ Edward Buckley
                Edward Buckley
                Georgia State Bar No. 092750
                edbuckley@buckleylawatl.com
                Rachel Berlin
                Georgia State Bar No. 707419
                rberlin@buckleylawatl.com

                Promenade, Suite 900
                1230 Peachtree Street, NE
                Atlanta, GA  30309
                Telephone:  (404) 781-1100
                Facsimile:  (404) 781-1101

                *Attorneys for Plaintiff*