# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into by and between Pathways Center for Developmental and Behavioral Growth ("Pathways") and Jade Benefield (collectively, "Defendants") and Justin Caswell ("Named Plaintiff") on behalf of himself and the Opt-in Plaintiffs Tina Smith, Winnisia Patterson, and Marquise Rogers (collectively "Plaintiffs") who were formerly employed by Defendants. Collectively, Plaintiffs and Defendants are referred to as the "Parties."

## RECITALS

WHEREAS, Plaintiffs and Defendants are parties to a civil action pending in the United States District Court for the Northern District of Georgia, Newnan Division, styled *Justin Caswell v. Pathways Center for Developmental and Behavioral Growth and Jade Benefield.*, Civil Action No. 3:15-cv-100-TCB-RGV ("Litigation"), which action arises out of or relates to work performed by Plaintiffs for Defendants;

WHEREAS, Plaintiffs were employed by Defendants as Social Service Technicians.

WHEREAS, in the Litigation, Plaintiffs claim that the Defendants failed to pay them the required overtime compensation under the Fair Labor Standards Act ("FLSA") and Defendants deny these allegations;

WHEREAS, Plaintiffs and Defendant desire to enter into a Settlement Agreement resolving and settling all FLSA claims, allegations and causes of action asserted or which could have been asserted by Plaintiffs in the Litigation that arise out of or relate to compensation for any work performed by Plaintiffs for Defendants; and

WHEREAS, Plaintiffs warrant and represent that they have not assigned any of the claims against Defendants that are released in this Settlement Agreement to any other person or entity and that no attorneys other than Buckley Beal LLP (formerly The Buckley Law Firm LLC) have a claim for attorneys' fees and/or costs arising from Plaintiffs' claims released in this Agreement; and

WHEREAS, this Agreement constitutes a good faith settlement of all of Plaintiffs' disputed claims and allegations that were asserted or could have been asserted by Plaintiffs in the Litigation arising out of or relating to compensation for any work performed by Plaintiffs for Defendants, and shall not be deemed in any manner an admission, finding, or indication, for any purposes whatsoever, that the Defendants, or any of its officials, officers, employees, and/or other agents acted contrary to law or violated the rights of Plaintiffs or any other person at any time.

## AGREEMENT

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth herein, and for good consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto agree as follows:

### 1. Consideration.

In consideration of this Settlement Agreement, Defendants agree to pay Plaintiffs and his attorneys the total gross sum of Forty Thousand and 00/100 Dollars ($40,000.00) payable as follows:

Defendant shall issue a check for Forty Thousand and 00/100 Dollars ($40,000) payable to and transmitted to Buckley Beal LLP. Buckley Beal LLP shall apportion the Forty Thousand and 00/100 Dollars ($40,000) between Plaintiffs and Buckley Beal LLP as follows:

- Buckley Beal LLP will receive 40% of the total settlement amount of $40,000, or $16,000.
- Each Plaintiff will receive a portion of the remaining settlement ($24,000) based upon his or her length of service with Defendants within the three-year statute of limitations applicable to his or her claim as determined by the date of his Consent to Join Form and the dates of employment provided by the Company and the Plaintiffs. The breakdown of payments will be as follows:
    - Justin Caswell will receive a settlement amount of $6,905.15;
    - Winnisia Patterson will receive a settlement amount of $6,327.97;
    - Tina Smith will receive a settlement amount of $3,704.18; and
    - Marquise Rogers will receive a settlement amount of $7,062.70.

In further consideration of this Settlement Agreement, Plaintiffs agree that they are not eligible for reemployment by Pathways, and that they will not enter onto the property of Pathways or any of its facilities, except 1) in the event that Plaintiff Caswell is dispatched to the property of Pathways or any of its facilities by the Troup County Fire Department to respond to an emergency, or 2) in the event that any Plaintiff wishes to visit a family member at any of Pathways facilities, in which case such Plaintiff will request permission in advance of the visit by calling the main number at 706-845-4045 and requesting permission for the visit from a member of the Leadership Team or one of the Executive Assistants, which permission will not be unreasonably denied.

2

## 2. Fair and Reasonable Settlement.

The parties agree that this settlement was reached as a result of arms-length negotiation. Plaintiffs contend that Defendants failed to pay overtime to which they were entitled under the FLSA. Defendants deny these allegations and contend that Plaintiffs were properly paid overtime when they worked in excess of 40 hours per week. The parties also dispute, among other issues, the number of hours Plaintiffs worked in the weeks covered by their FLSA claims and their job duties. In light of these disputes, the parties acknowledge and agree that this settlement and the terms of this agreement are fair and reasonable taking into account the risks and uncertainties of litigation.

## 3. Release & Waiver of FLSA Claims.

In exchange for the payment of Forty Thousand and 00/100 Dollars ($40,000) and other consideration recited herein. Plaintiffs agree to settle, release, and waive any and all claims, demands, rights, liabilities, and causes of action against Defendants, and each of its present and former predecessors, successors and assigns, and the present and former officials, officers, employees, agents, insurers, attorneys, partners, consultants, managers, and representatives (whether in their official or individual capacities), and all persons acting by, through, under or in concert with any of them, whether past, present or future (collectively "Released Parties"), from any and all allegations, claims, demands, rights, charges, actions, causes of action, liabilities, damages, costs, attorneys' fees and expenses, whether known or unknown, which were asserted or which could have been asserted in the Litigation, from the beginning of time until the present. This release specifically includes all claims arising under the FLSA.

## 4. Court Approval.

The Parties agree that, upon execution of this Agreement, they shall file a joint motion for approval of the settlement with the United States District Judge before whom this Litigation is pending for the purposes of obtaining court approval in accordance with the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* The Parties agree that they will set the joint motion for hearing as soon as possible, if necessary. After the Court approves this Settlement Agreement, Defendant will transmit the payment Forty Thousand Dollars and 00/100 Dollars ($40,000) to Plaintiffs' counsel within ten (10) business days of the Court's approval.

## 5. Dismissal of Action.

The Parties, within five (5) business days following Buckley Beal LLP's receipt of the full settlement payment, through counsel of record, agree to fully execute and file a Stipulation of Dismissal with Prejudice with the court.

3

## 6. Execution.

This Agreement shall become effective upon its approval by the court. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument. Execution delivered by facsimile or electronic mail to the Parties' counsel of record shall be deemed effective as if executed as an original.

## 7. Entire Release.

Plaintiffs affirm that the only consideration for their decision to execute and their execution of this Agreement is the terms stated herein and that there are no other promises or arrangements of any kind which have caused them to execute the Agreement; that they have been advised to and have consulted with their attorneys regarding the terms, conditions and the final and binding effect of this Agreement; and they understand the meaning of this Agreement and its final and binding effect.

## 8. Severability.

Each provision of this Agreement shall be considered separable, distinct, and severable from the other and remaining provisions, and any breach, invalidity or unenforceability of any provision shall not impair the operation, validity, or enforceability of those provisions that are valid and, to the extent allowed by law, such invalid or otherwise unenforceable provision may be modified by a court of competent jurisdiction so as to render it enforceable.

## 9. Amendments.

Any modification or change to this Agreement must be made in writing and signed by all Parties.

## 10. Construction.

The language contained in this Agreement shall be deemed to be approved jointly by the Parties, and no rule of strict construction shall be applied against any Party hereto. No provision of this Agreement is inferred or shall be interpreted or applied so as to preclude any Party to this Agreement from complying with any federal, state, or local law, rule, or regulation.

## 11. Governing Law.

This Agreement is executed in the State of Georgia and all terms of this Agreement shall be governed and construed pursuant to the laws of the State of Georgia.

The Parties further warrant and represent as follows: **I HAVE CAREFULLY READ**

AND FULLY UNDERSTAND THE PROVISIONS OF THIS AGREEMENT INCLUDING PLAINTIFFS' RELEASE AND WAIVER OF ALL CLAIMS AGAINST DEFENDANT. I HAVE ENTERED INTO THIS AGREEMENT KNOWINGLY AND VOLUNTARILY AS AN ACT OF MY OWN FREE WILL AND HAVE NOT RELIED UPON ANY OTHER REPRESENTATION OR STATEMENT, WRITTEN OR ORAL. I HAVE HAD AN OPPORTUNITY TO CONSULT WITH AN ATTORNEY AND, IF NECESSARY, WITH OTHER PERSONAL ADVISORS OF MY CHOOSING, PRIOR TO EXECUTING THIS AGREEMENT AND WAIVING ANY AND ALL CLAIMS, AND I HAVE HAD SUFFICIENT TIME AND OPPORTUNITY TO DO SO.

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement and Release of All Claims.

ACCEPTED AND AGREED BY:

By: _____
Justin Caswell on behalf of the
Named Plaintiff and Opt-in Plaintiffs

By: _____
Jade Benefield

By: _____
Pathways Center for Behavioral and
Developmental Growth

5